1
MICHAEL BAILEY
United States Attorney
2
District of Arizona
BRETT A. DAY
3
Assistant U.S. Attorney
Arizona State Bar No. 027236
4
Two Renaissance Square
40 N. Central Ave., Suite 1800
5
Phoenix, Arizona 85004
Telephone: 602-514-7500
6
Email: Brett.Day@usdoj.gov
Attorneys for Plaintiff
7

```
 ___ FILED        ✓ LODGED
 ___ RECEIVED     ___ COPY

       SEP 0 9 2019

 CLERK U S DISTRICT COURT
     DISTRICT OF ARIZONA
 BY_____ DEPUTY
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-00884-PHX-SMB |
| Plaintiff, | Mag. No. 19-05247MJ |
| v. | **PLEA AGREEMENT** |
| Donaji Noel Hernandez-Perez, Donna Seitz Donna Hernandez Seitz | **(Modified Fast Track 5K3.1)** |
| Defendant. | |

The United States of America and the defendant hereby agree to dispose of this matter on the following terms and conditions:

### PLEA

The defendant will plead guilty to an Indictment charging a violation of Title 8, United States Code (U.S.C.), Section 1326(a), with a possible sentencing enhancement under 1326(b)(1) or 1326(b)(2), Reentry of Removed Alien.

### 1.   MAXIMUM PENALTIES

a.      A violation of 8 U.S.C. § 1326(a), a Class E felony, is punishable by a maximum term of imprisonment of 2 years, a maximum fine of $250,000, or both imprisonment and a fine, and a term of supervised release of up to 1 year.  If a sentencing enhancement under 8 U.S.C. § 1326(b)(1), a Class C felony, is applicable, then the maximum term of imprisonment is 10 years.  If the sentencing enhancement under 8 U.S.C. § 1326(b)(2), a Class C felony, is applicable, then the maximum term of imprisonment is

1  20 years.  A Class C felony is punishable by both imprisonment and a maximum fine of
2  $250,000, and a term of supervised release of up to three years.  The maximum term of
3  probation is five years.

4       b.     According to the United States Sentencing Guidelines (U.S.S.G.) issued
5  pursuant to the Sentencing Reform Act of 1984, the Court shall:

6       (1)     Order the defendant to pay a fine pursuant to 18 U.S.C. §§ 3572 and
7  3553, unless the Court finds that a fine is not appropriate; and

8       (2)     Order the defendant to serve a term of supervised release when
9  required by statute or when a sentence of imprisonment of more than one year is imposed,
10  and may impose a term of supervised release in all other cases.

11       c.     Pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the
12  defendant to pay a $100 special assessment.

13  **2.**    **AGREEMENTS REGARDING SENTENCING**

14       a.     <u>Stipulation: Acceptance of Responsibility</u>.  Pursuant to Fed. R. Crim. P.
15  11(c)(1)(C), if the defendant makes full and complete disclosure to the U.S. Probation
16  Office of the circumstances surrounding the defendant's commission of the offense, and if
17  the defendant demonstrates an acceptance of responsibility for this offense up to and
18  including the time of sentencing, the United States will stipulate and agree to a two-level
19  reduction pursuant to U.S.S.G. § 3E1.1. If the defendant has an offense level of 16 or more,
20  the United States will move for an additional one-level reduction pursuant to U.S.S.G. §
21  3E1.1.

22       b.     <u>Stipulated Sentence Under Early Disposition Program</u>.  Although the parties
23  understand that the Sentencing Guidelines are only advisory, and just one of the factors the
24  Court will consider under 18 U.S.C. § 3553(a), pursuant to Fed. R. Crim. P. 11(c)(1)(C)
25  the United States and the defendant stipulate and agree that the following is an appropriate
26  disposition of this case:

27       (1)     The defendant shall receive a two-level downward departure under
28  U.S.S.G. § 5K3.1.  If the defendant receives the departure provided under this

- 2 -

subparagraph, the United States and the defendant stipulate and agree that the defendant's sentence shall not exceed the high end of the final adjusted Sentencing Guidelines range. If the defendant requests or the Court authorizes any adjustments or departures pursuant to the Sentencing Guidelines other than the departure provided under this subparagraph, the United States may withdraw from this agreement. However, nothing in this agreement shall preclude the defendant from arguing for, or the Court from granting, a variance under 18 U.S.C. § 3553(a) in support of a sentence below the final advisory Sentencing Guideline range. The United States reserves the right to oppose any variance.

(2)     If the defendant does not qualify for an increase to the defendant's base offense level pursuant to U.S.S.G. § 2L1.2(b), then in lieu of the departures listed in subparagraph (1) above, the defendant's sentence shall not exceed the greater of time served or the following caps:

Three months of imprisonment if defendant's Criminal History Category is I;

Four months of imprisonment if defendant's Criminal History Category is II;

Five months of imprisonment if defendant's Criminal History Category is III;

Six months of imprisonment if the defendant's Criminal History Category is IV;

Nine months of imprisonment if defendant's Criminal History Category is V; and

Twelve months and one day of imprisonment if the defendant's Criminal History Category is VI.

c.     Supervised Release.  If the defendant is on supervised release, the United States shall have the right to withdraw from this agreement.

3.     **COURT APPROVAL REQUIRED**

If the Court, after reviewing this plea agreement, concludes that any provision is inappropriate, it may reject the plea agreement under Fed. R. Crim. P. 11(c)(5), giving the defendant, in accordance with Fed. R. Crim. P. 11(d)(2)(A), an opportunity to withdraw the defendant's guilty plea.

4.     **WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives (1) any and all motions, defenses, probable cause

- 3 -

1    determinations, and objections that the defendant could assert to the indictment or

2    information; and (2) any right to file an appeal, any collateral attack, and any other writ or

3    motion that challenges the conviction, an order of restitution or forfeiture, the entry of

4    judgment against the defendant, or any aspect of the defendant's sentence, including the

5    manner in which the sentence is determined, including but not limited to any appeals under

6    18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255

7    (habeas petitions), and any right to file a motion for modification of sentence, including

8    under 18 U.S.C. § 3582(c).  This waiver shall result in the dismissal of any appeal,

9    collateral attack, or other motion the defendant might file challenging the conviction, order

10   of restitution or forfeiture, or sentence in this case.  This waiver shall not be construed to

11   bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial

12   misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

13   **5.    REINSTATEMENT OF REMOVAL, DEPORTATION OR EXCLUSION OR**
14   **STIPULATION TO REMOVAL**

15          The defendant admits that the defendant was the subject of a previous order of

16   removal, deportation or exclusion.  The defendant agrees to the reinstatement of that

17   previous order of removal, deportation or exclusion.  The defendant admits that he does

18   not have a fear of returning to the country designated in the previous order.  If this plea

19   agreement is accepted by the Court, the defendant agrees not to contest, either directly or

20   by collateral attack, the reinstatement of the prior order of removal, deportation or

21   exclusion.

22   **6.    PERJURY AND OTHER OFFENSES**

23          Nothing in this agreement shall be construed to protect the defendant in any way

24   from prosecution for perjury, false declaration or false statement, obstruction of justice, or

25   any other offense committed by the defendant after the date of this agreement.  Any

26   information, statements, documents, or evidence the defendant provides to the United

27   States pursuant to this agreement, or to the Court, may be used against the defendant in all

28   such prosecutions.

- 4 -

**7.    REINSTITUTION OF PROSECUTION**

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the United States will be free to prosecute the defendant for all charges and/or allegations of supervised release violations as to which it has knowledge, and any charges and/or allegations of supervised release violations that have been dismissed or not alleged because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings. Defendant agrees that the stipulated fast-track departures set forth under "Agreements Regarding Sentencing" will not be offered if prosecution is re-instituted.

**8.    DISCLOSURE OF INFORMATION**

a.    The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the Probation Office and to the Court in connection with the case.

b.    The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the Probation Office including, but not limited to, questions relating to:

(1)    Criminal convictions, history of drug abuse and mental illness; and

(2)    Financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine.

**9.    EFFECT ON OTHER PROCEEDINGS**

This agreement does not preclude the United States from instituting any civil or administrative proceedings as may be appropriate now or in the future.

## DEFENDANT'S APPROVAL AND ACCEPTANCE

I have read the entire plea agreement with the assistance of counsel and understand each of its provisions.

- 5 -

1    I have discussed the case and my constitutional and other rights with my attorney.
2   I understand that by entering my plea of guilty I shall waive my rights to plead not guilty;
3   to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to
4   present evidence in my defense; to remain silent and refuse to be a witness against myself
5   by asserting my privilege against self-incrimination; and to be presumed innocent until
6   proven guilty beyond a reasonable doubt, all with the assistance of counsel.

7    I agree to enter my guilty plea as indicated above on the terms and conditions set
8   forth in this agreement.

9    I have been advised by my attorney of the nature of the charges to which I am
10   entering my guilty plea. I have further been advised by my attorney of the nature and range
11   of the possible sentence and that my ultimate sentence shall be determined after
12   consideration of the advisory Sentencing Guidelines. I understand that the Sentencing
13   Guidelines are only advisory and that without this agreement the Court would be free to
14   exercise its discretion to impose any reasonable sentence up to the maximum set by statute
15   for the crimes of conviction.

16    My guilty plea is not the result of force, threats, assurances, or promises other than
17   the promises contained in this agreement. I agree to the provisions of this agreement as a
18   voluntary act on my part and I agree to be bound according to its provisions.

19    I fully understand that, if I am granted probation or placed on supervised release by
20   the Court, the terms and conditions of such probation/supervised release are subject to
21   modification at any time. I further understand that, if I violate any of the conditions of my
22   probation/supervised release, my probation/supervised release may be revoked and upon
23   such revocation, notwithstanding any other provision of this agreement, I may be required
24   to serve a term of imprisonment or my sentence may otherwise be altered.

25    I agree that this written plea agreement contains all the terms and conditions of my
26   plea.   I further agree that promises, including any predictions as to the Sentencing
27   Guideline range or to any Sentencing Guideline factors that will apply, made by anyone

28

- 6 -

1  (including my attorney) that are not contained within this written plea agreement are null

2  and void and have no force and effect.

3       I am satisfied that my defense attorney has represented me in a competent manner.

4       I am fully capable of understanding the terms and conditions of this plea agreement.

5  I am not now using or under the influence of any drug, medication, liquor, or other

6  intoxicant or depressant that would impair my ability to fully understand the terms and

7  conditions of this plea agreement.

8                                    **ELEMENTS**

9                            **Reentry of Removed Alien**

10  On or about May 18, 2019, in the District of Arizona:

11       1.     The defendant was an alien;

12       2.     The defendant had been previously denied admission, excluded, deported, or

13  removed from the United States;

14       3.     The defendant knowingly and voluntarily reentered or was present after a

15  voluntary entry and found in the United States in the District of Arizona; and

16       4.     The defendant did not obtain the express consent of the Attorney General or

17  the Secretary of Homeland Security to reapply for admission to the United States prior to

18  returning to the United States.

19                                 **FACTUAL BASIS**

20       I further admit the following facts are true and if this matter were to proceed to trial

21  the United States could prove the following facts beyond a reasonable doubt:

22

23       I am not a citizen or national of the United States. I was removed from the
    United States through Brownsville, Texas, on February 5, 2013. I was
24   voluntarily present and found in the United States at or near Phoenix,
    Arizona, on May 18, 2019. I did not obtain the express consent of the United
25   States government to reapply for admission to the United States prior to
    returning to the United States.

26       For sentencing purposes, I admit I was convicted of Conspire Traffic Heroin,
    Trafficking in Heroin by Transportation and Trafficking in Heroin by Sell, a
27   felony, on November 8, 2005, in the Superior Court of North Carolina,
    Forsyth County. I was represented by an attorney, and I was sentenced to
28   ninety (90) months imprisonment.

                                       - 7 -

I have read this agreement or it has been read to me in Spanish, and I have carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it.

8-7-19
Date

DONAJI NOEL HERNANDEZ-PEREZ
Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations that are not contained in this written agreement have been given to me or to the defendant by the United States or any of its representatives. I have concluded that the entry of the plea as indicated above on the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

re    There was no need to translate
I translated or caused to be translated this agreement from English into Spanish to the defendant on the 7th day of August, 2019, as she speaks English.

8-7-19
Date

MICHAEL BRESNEHAN
Attorney for Defendant

- 8 -

1

2          **UNITED STATES' APPROVAL**

3          I have reviewed this matter and the plea agreement.  I agree on behalf of the United

4    States that the terms and conditions set forth are appropriate and are in the best interests of

5    justice.

6                                              MICHAEL BAILEY
                                               United States Attorney
7                                              District of Arizona

8

9    $\underline{\qquad 9/9/19 \qquad}$
     Date                                      BRETT A. DAY
10                                             Assistant U.S. Attorney

11
                                **COURT'S ACCEPTANCE**
12

13

14   $\overline{\text{Date}}$                  $\overline{\qquad\qquad\qquad\qquad}$

15                                             United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

- 9 -